No. 892

First Circuit

———

TATE v. GUILLAUMIN

———

(February 8, 1932. Opinion and Decree.)

———

J. Hugo Dore, of Ville Platte, attorney for plaintiff, appellant.

L. Austin Fontenot, of Opelousas, attorney for defendant, appellee.

ELLIOTT, J. Euzebe Tate claims of Odin Guillaumin $230 as damages on account of injury to mules belonging to him which were shot and badly wounded, but not killed. He alleges that Odin Guillaumin shot them, causing him damages to the extent stated.

48

Guillaumin, defendant, denies shooting the mules and sets up a claim in reconvention based on a different matter. The lower court confined its action in the case to plaintiff's demand on account of the alleged shooting of the mules and rejected same, taking no notice of defendant's demand in reconvention. Defendant has not appealed nor answered the appeal. His demand in reconvention can not therefore be considered.

The evidence in support of plaintiff's demand against the defendant is all circumstantial. There was no eyewitness to the shooting. Some facts and circumstances, developed on the trial, tend to indicate that defendant likely did it; but there are other facts and circumstances which tend to indicate otherwise. The plaintiff turned his mules out at night, and the evidence shows that they sought his neighbor's fields and, in their effort to feed on the grass and weeds inside the fields near the fences, would reach their heads and necks over the wire and, pushing with their weight against the fence, would break the fence post, which of course injured the fence. Plaintiff had been notified of what his mules were doing and was requested to have it stopped. He should have done so, but neglected the matter.

In this instance there is circumstantial evidence which tends to indicate that another neighbor, instead of defendant, may have shot the mules.

The evidence does not establish with sufficient certainty that the shooting was done by the defendant.

Plaintiff's demand was properly rejected.

Judgment affirmed. Plaintiff and appellant to pay the costs in both courts.